**356**

Charles R. BUTLER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-17680.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1972.

Robert Lee Blackwood, Tulsa, for appellant.

Jack Morgan, City Prosecutor, Tulsa, for appellee.

## DECISION AND OPINION

BRETT, Judge.

Appellant, Charles R. Butler, was convicted by a jury in the Municipal Criminal Court for the City of Tulsa, for violation of City Ordinance for speeding in a school zone. The jury assessed appellant's punishment at five (5) days confinement in the City Jail and a fine of $150.00. Appellant's speed was clocked at thirty-five miles per hour in a school zone where the speed limit is twenty-five miles per hour. This appeal was perfected on the original record without the transcript of testimony.

Appellant asserts that the Tulsa City Ordinance is in conflict with the State Statutes and is therefore illegal; and he prays that his conviction be set aside and vacated. In this respect appellant relies on the provisions of 47 O.S., 1971, § 11-

801(b)(7), which provides, in part, the following:

"*On any highway outside of a municipality,* the speed limit in a properly marked school zone shall be a maximum of twenty-five (25) miles per hour, . . ." (Emphasis added.)

47 O.S., 1971, § 11–807(c) provides, with reference to punishment for violation of Article VIII of the Highway Safety Code, the following:

"Every person convicted for violating any provision of article VIII, section 11–801 to 11–807 inclusive, shall be guilty of a misdemeanor and upon conviction shall be fined in a sum of not less than Ten Dollars ($10.00) and not more than Two Hundred Dollars ($200.-00), or shall be sentenced to serve a term of not less than five days nor more than thirty days in jail, or by both such fine and imprisonment."

Tulsa Emergency Ordinance No. 12302, enacted November 19, 1971, which amended Title 37, Chapter 249 of the Tulsa Revised Ordinances relating to speed at school crossings and in school zones, provides the following:

"No person shall operate a vehicle in a marked school crossing zone during normal crossing periods for such school at a speed in excess of twenty-five (25) miles per hour unless traffic speed limit signs specifies a greater speed; no person shall operate a vehicle within posted school zones at a speed greater than the posted speed limits. Every person who is convicted of a violation of this Section shall be punished by imprisonment in the City Jail for a period of not more than ninety (90) days and/or a fine of not more than Three Hundred Dollars ($300.00), excluding costs."

██ Therefore, appellant contends the punishment assessed by the Tulsa City Ordinance exceeds the punishment established by State Statute and is illegal. However, as we read the foregoing provisions of 47 O.S., 1971, § 11–801, the introductory clause, "On any highway outside of a mu-

nicipality," makes an exception to the provisions of Article VIII, and leaves the regulating of municipal traffic to the respective cities and towns. We observe also that 11 O.S., 1971, § 782(c), provides, with reference to punishment which the "Criminal Courts of Record are authorized to impose, the following:

"The maximum punishment which may be levied in any municipal criminal court of record is a fine not exceeding Three Hundred Dollars ($300.00), an imprisonment not to exceed ninety (90) days, or both such fine and imprisonment; provided, however, a municipal ordinance may not impose a penalty greater than established by statute for the same offense."

Appellant contends that the penalty proviso concluding the foregoing section of the statutes restricts the cities from imposing a fine for speeding in school zones in excess of that provided for in 47 O.S., 1971, § 11–807(c); and that the justification for such restriction is to provide for equal protection—under the law—for both urban and rural citizens. However, appellant's punishment is clearly within the range of punishment provided in the State Statute, so he is not in position to claim a lack of equal protection. Likewise, the State Statutes do not presume to establish speed limits or to provide the punishment for speeding in school zones any place except "outside of a municipality." Therefore, appellant's argument must fail. Likewise, as we view the provision for the "same offense," such offenses are the same in name only; and insofar as the State Statutes are silent with reference to, speeding in school zones within municipalities, the regulation and enforcement of ordinances pertaining thereto rests with the legislative authority of the municipality.

The Oklahoma Supreme Court stated in the matter of In Re Grand River Dam Authority, Okl., 484 P.2d 505 (1971), paragraph two of the syllabus:

"Control of city streets within municipal corporations is reserved to the state, al-

**358**

though cities have been delegated full power to control and regulate streets. O.S.1961 Const. Art. 18, §§ 2, 3, 7; 11 O.S.1961, §§ 642, 660, 672."

We are therefore of the opinion the Tulsa City Ordinance is not in conflict with the State Statutes as contended by the appellant; and the judgment and sentence imposed by the Criminal Court of Record for the City of Tulsa, Oklahoma, in that court's case number 0415171, should be and the same is affirmed.

However, considering that appellant is a student attending the University of Tulsa, is of the age of twenty-two years, and notwithstanding that the fine is within the range established by statute, defense counsel is admonished to consider the provisions of 22 O.S.1971, § 994, for further consideration of this matter by the trial court.

BUSSEY, P. J., concurs.